# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72204-2-I |
| Respondent, | ) | DIVISION ONE |
| v. | ) | |
| SANTOS ANDREW SALOY, | ) | UNPUBLISHED |
| Appellant. | ) | FILED: <u>February 29, 2016</u> |

COX, J. – A trial court has "'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.'"[1] Santos Saloy appeals his conviction for two counts of communicating with a minor for immoral purposes, arguing that the trial court violated his right to choice of counsel by denying his request to substitute counsel and obtain a continuance. Because the trial court did not abuse its discretion by denying Saloy's request for a continuance on the day of trial, we affirm.

The State alleged Saloy had sexual relationship with a minor. It charged him with several offenses, including two counts of communicating with a minor for immoral purposes. Saloy hired Teri Rogers Kemp to represent him. Before trial, the court continued the case several times, sometimes at Saloy's request.

---

[1] <u>State v. Hampton</u>, 184 Wn.2d 656, 361 P.3d 734, 738 (2015) (quoting <u>United States v. Gonzalez-Lopez</u>, 548 U.S. 140, 152, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006)).

On the day of trial, Saloy moved to replace Rogers Kemp with Robert Perez, another private attorney. To represent Saloy, Perez would have required a continuance to prepare for trial. The court denied the motion. Saloy moved for reconsideration, which the court denied.

After trial, the jury found Saloy guilty of two counts of communicating with a minor for immoral purposes and not guilty of the other charges. The court entered its judgment and sentence on the jury verdict.

Saloy appeals.

## RIGHT TO CHOICE OF COUNSEL

Saloy argues that the court violated his right to choice of counsel. We disagree.

"As part of the Sixth Amendment right to the assistance of counsel, defendants with private attorneys generally have the right to the counsel of their choice."[2] But this right is not absolute.[3]

A trial court has "'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.'"[4] We review this balancing decision for abuse of discretion.[5] If the defendant's new counsel requires a continuance to prepare for trial, we review the "trial court's

---

[2] Id. at 736.

[3] Id. at 737.

[4] Id. at 738 (quoting Gonzalez-Lopez, 548 U.S. at 152).

[5] Id. at 740.

2

denial of a continuance to determine whether it was 'so arbitrary as to violate due process.'"[6]

A trial court abuses its discretion if its decision "is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons."[7]

In State v. Hampton, the supreme court recently announced a list of nonexclusive factors trial courts may consider when balancing a defendant's right to choice of counsel.[8] Courts may consider "all relevant information, including the 11 factors described in the most recent edition of the LaFave Criminal Procedure treatise:"[9]

> "(1) whether the request came at a point sufficiently in advance of trial to permit the trial court to readily adjust its calendar;
>
> (2) the length of the continuance requested;
>
> (3) whether the continuance would carry the trial date beyond the period specified in the state speedy trial act;
>
> (4) whether the court had granted previous continuances at the defendant's request;
>
> (5) whether the continuance would seriously inconvenience the witnesses;
>
> (6) whether the continuance request was made promptly after the defendant first became aware of the grounds advanced for discharging his or her counsel;

---

[6] Id. at 737 (quoting Ungar v. Sarafite, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964)).

[7] Id. at 740 (quoting State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993).

[8] 184 Wn.2d 656, 361 P.3d 734, 740 (2015).

[9] Id.

(7) whether the defendant's own negligence placed him or her in a situation where he or she needed a continuance to obtain new counsel;

(8) whether the defendant had some legitimate cause for dissatisfaction with counsel, even though it fell short of likely incompetent representation;

(9) whether there was a 'rational basis' for believing that the defendant was seeking to change counsel 'primarily for the purpose of delay';

(10) whether the current counsel was prepared to go to trial; [and]

(11) whether denial of the motion was likely to result in identifiable prejudice to the defendant's case of a material or substantial nature."[10]

Here, it is undisputed that Saloy required a continuance of the trial for Perez to represent him. The trial court in this case did not have the benefit of the supreme court's decision in Hampton when it made its decision. But the record shows that the court considered many of these factors. The court did not abuse its discretion by denying the request for a continuance.

Saloy did not move to replace his counsel until the day of trial. Thus, he failed to move "'at a point sufficiently in advance of trial to permit the trial court to readily adjust its calendar.'"[11] The court noted this when it stated that Saloy's request was "extremely untimely."

Additionally, the court asked Perez whether the issues Saloy had with his original counsel could have been raised earlier than the day of trial. And Perez

---

[10] Id. (quoting 3 Wayne R. LaFave et al., Criminal Procedure § 11.4(c) at 718-20 (3d ed. 2007)).

[11] Id. (quoting LaFave, supra, § 11.4(c) at 718-20).

4

acknowledged that the issues could have been raised earlier. Thus, Saloy failed to promptly move "'after [he] first became aware of the grounds advanced for discharging [Rogers Kemp].'"[12]

The tenth factor also supports the trial court's decision. Rogers Kemp was prepared to try the case.

Saloy had previously requested continuances. Thus, the fourth factor further supports the court's decision.

Finally, the court properly considered "'whether [Saloy] had some legitimate cause for dissatisfaction with [Rogers Kemp], even though it fell short of likely incompetent representation.'"[13] Both Perez and Saloy himself informed the court of the reasons Saloy was dissatisfied with Rogers Kemp, stating that Saloy felt Rogers Kemp was unprepared for trial and had not communicated well with him.

We conclude that the court did not abuse its discretion when it denied Saloy's motion for a continuance and to substitute counsel.

Saloy argues that the court's denial of the continuance was an "unreasonable and arbitrary insistence upon expeditiousness." We disagree for the reasons we already discussed.

Saloy also argues that court failed to "inquir[e] why Saloy waited until the eve of trial to make his request." But as we noted earlier, the court asked Perez whether Saloy's issues with Rogers Kemp would have supported an earlier

---

[12] Id.

[13] Id.

motion to continue, and Perez indicated that they would have. Thus, the court inquired into whether Saloy's delay was justifiable.

Saloy also cites specific cases where the trial court properly denied a motion to substitute counsel, arguing that the facts in those cases do not resemble the facts in his case. But whether a trial court properly exercised its discretion in denying such a motion is a "highly fact dependent" inquiry.[14] Thus, not every factor will be present in every case and the trial court does not need to consider every factor.[15] The fact that certain factors are not present in this case does not establish that the court abused its discretion. As described above, the court properly balanced the relevant factors.

We affirm the judgment and sentence.

Cox, J.

WE CONCUR:

---

[14] Id.

[15] Id.

6